Young, L,
dissenting:
The majority holds that the State has a duty to provide reasonable and necessary defense services at public expense to indigent criminal defendants despite the fact that private counsel has been retained. I agree. However, I propose that the determination of “reasonable and necessary” defense services should be determined prior to counsel expending money on such services.
Under the federal scheme, statutory procedure calls for an ex parte showing of need in camera.[1] Criminal Justice Act 18 U.S.C. § 3006A(e)(l) (1970). Persuasive authority has also proposed that “state courts should grant an in camera hearing upon request. When such a hearing is granted, the procedure is to file a motion for defense services tendering both the nature of the services sought and the reasons for seeking them in a subsequent proceeding in camera.” Ephraim Margolin and Allen Wagner, The Indigent Criminal Defendant and Defense Services: A Search for Constitutional Standards, 24 Hastings L.J. 647, 662 (1973).
In this case, Widdis secured Dr. Mahaffey’s services by assuring her that he would seek payment of her fees at public expense. Widdis received a copy of Dr. Mahaffey’s report around October 17, 1997, and did not petition the district court for an order of payment of Dr. Mahaffey’s $2400.00 fee until February 25, 1998. I conclude that before the State is obligated to pay such fees, counsel should be required to make a showing of need. I further conclude that such procedures for demonstration of need should be left to the legislative branch.
I fear that without procedural safeguards, the court’s decision today will open the floodgates to excessive expenses of expert witnesses. By requiring private counsel to get approval of defense services before actually obtaining them, the courts can reasonably *1231 limit the high cost of criminal litigation. Furthermore, attorneys can then reallocate a portion of their fees to cover the cost of some, or all, of the requested services should they be denied.
Hence, I would affirm the district court’s order denying Widdis’ motion for defense services at public expense, because he failed to show need prior to contracting for Dr. Mahaffey’s services.
Accordingly, I dissent.

 I do not mean to suggest that every case calls for an ex parte hearing. In this case, there would be no need for an ex parte hearing because the expert was used at the sentencing phase rather than during the trial.